1  KEKER, VAN NEST & PETERS LLP
   DAVID SILBERT - # 173128
2  dsilbert@keker.com
   REID P. MULLEN - # 270671
3  rmullen@keker.com
   ERIN E. MEYER - # 274244
4  emeyer@keker.com
   DAVID J. ROSEN - # 296139
5  drosen@keker.com
   RYLEE KERCHER OLM - # 318550
6  rolm@keker.com
   LUIS G. HOYOS - # 313019
7  lhoyos@keker.com
   KAIYI A. XIE - # 311182
8  kxie@keker.com
   JACQUELINE CONCILLA - # 335733
9  jconcilla@keker.com
   633 Battery Street
10 San Francisco, CA 94111-1809
   Telephone:    415 391 5400
11 Facsimile:    415 397 7188

12 Attorneys for Defendant GOOGLE LLC

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16 JAWBONE INNOVATIONS, LLC,            Case No. 3:23-cv-00466-TLT

17            Plaintiff,                **DEFENDANT GOOGLE LLC'S NOTICE
                                        OF MOTION AND MOTION TO STAY
18      v.                              CASE PENDING INTER PARTES
                                        REVIEW**
19 GOOGLE LLC,
                                        Date:      May 2, 2023
20            Defendant.                Time:      2:00 p.m.
                                        Judge:     Hon. Trina L. Thompson
21
                                        Date Filed:  September 23, 2021
22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................1

II.     BACKGROUND ....................................................................................................2

      A.     IPRs have already been instituted on eight of the nine asserted patents, and more may follow. ....................................................................................3

      B.     Procedural posture. .......................................................................................5

III.    LEGAL STANDARD ............................................................................................7

IV.    ARGUMENT .........................................................................................................7

      A.     Discovery is in its infancy and no trial date has been set. .......................7

      B.     A stay will simplify this case and conserve resources. ...........................9

      C.     A stay will not unduly prejudice Jawbone. ...........................................12

V.      CONCLUSION ....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aavid Thermalloy LLC v. Cooler Master, Ltd.*,
No. 17-cv-05363-JSW, 2019 WL 4009166 (N.D. Cal. Aug. 26, 2019) .................................12

*Aylus Networks, Inc. v. Apple, Inc.*,
856 F.3d 1353 (Fed. Cir. 2017).......................................................................................12

*Contour IP Holding, LLC v. GoPro, Inc.*,
No. 17-cv-04738-WHO, 2018 WL 6574188 (N.D. Cal. Dec. 12, 2018)...........................9, 10

*Cuozzo Speed Techs., LLC v. Lee*,
579 U.S. 261 (2016)......................................................................................................4, 11

*Cypress Semiconductor Corp. v. GSI Tech., Inc.*,
No. 13-cv-02013-JST, 2014 WL 5021100 (N.D. Cal. Oct. 7, 2014)......................................13

*Evolutionary Intel., LLC v. Sprint Nextel Corp.*,
No. 13-cv-4513-RMW, 2014 WL 819277 (N.D. Cal. Feb. 28, 2014)..............................11, 13

*Evolutionary Intel. LLC v. Yelp Inc.*,
No. 13-cv-03587-DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ................................3

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) ................................................................................... *passim*

*Google LLC v. EcoFactor, Inc.*,
No. 21-cv-03220-HSG, 2022 WL 6837715 (N.D. Cal. Oct. 11, 2022)...........................14, 15

*Huawei Techs., Co. v. Samsung Elecs. Co.*,
No. 16-cv-02787-WHO, 2018 WL 1471715 (N.D. Cal. March 26, 2018).............................9

*In the Black Res., LLC v. Blitz Design, Inc.*,
No. 22-cv-04227-WHO, 2022 WL 17082372 (N.D. Cal. Nov. 17, 2022) ..............................2

*Jawbone Innovations, LLC v. Amazon.com, Inc.*,
No. 3:22-cv-06727-TLT (N.D. Cal.) .........................................................................4, 6, 8, 15

*Jawbone Innovations, LLC v. Apple Inc.*,
No. 6:21-cv-00984-ADA (W.D. Tex., filed Sept. 23, 2021) .................................................4

*Jawbone Innovations, LLC v. Samsung Elecs. Co.*,
No. 2:21-cv-00186-JRG-RSP (E.D. Tex., filed May 27, 2021) ...........................................4

*LBT IP II LLC v. Uber Techs. Inc.*,
No. 22-cv-03985-WHO, 2023 WL 322894 (N.D. Cal. Jan. 19, 2023)...............................9, 11

*Microchip Tech. Inc. v. Nuvoton Tech. Corp. Am.*,
    No. 19-cv-01690-SI, 2019 WL 4888676 (N.D. Cal. Oct. 3, 2019) ............................................6

*Netscope, Inc. v. Fortinet, Inc.*,
    No. 3:22-cv-01852-TLT, ECF No. 74 (N.D. Cal. Jan. 9, 2023)..............................................10

*NTP, Inc. v. Rsch. in Mot., Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005).............................................................................................12

*Oyster Optics, LLC v. Ciena Corp.*,
    No. 20-cv-02354-JSW, 2021 WL 4027370 (N.D. Cal. April 22, 2021)...................................9

*Palo Alto Networks, Inc. v. Packet Intel. LLC*,
    No. 19-cv-02471-WHO, 2020 WL 5760475 (N.D. Cal. Sept. 28, 2020) ..........................11, 14

*PersonalWeb Techs., LLC v. Apple Inc.*,
    69 F. Supp. 3d 1022 (N.D. Cal. 2014) ..........................................................................9, 10, 13

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
    No. 13-cv-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) ....................9, 10, 14, 15

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
    No. 14-cv-1575-EMC, 2014 WL 3107447 (N.D. Cal. July 3, 2014) ................................11, 14

*Sonrai Memory Ltd. v. LG Elecs. Inc.*,
    No. 6:21-cv-00168-ADA, 2022 WL 2307475 (W.D. Tex. June 27, 2022)............................14

*Symantec Corp. v. Zscaler, Inc.*,
    No. 17-cv-04426-JST, 2018 WL 3539267 (N.D. Cal. July 23, 2018)......................................8

*Synopsys, Inc. v. Siemens Indus. Software Inc.*,
    No. 20-cv-04151-WHO, ECF No. 176 (N.D. Cal. June 7, 2022)..............................................9

*Williamson v. Google Inc.*,
    No. 15-cv-00966-BLF, 2015 WL 10890658 (N.D. Cal. Oct. 8, 2015)...............................2, 15

*Zomm, LLC v. Apple Inc.*,
    391 F. Supp. 3d 946 (N.D. Cal. 2019) ...........................................................................3, 8, 13

**Federal Statutes**

35 U.S.C. § 315(e) ......................................................................................................................12

**Rules**

Fed. R. Civ. P. 26(a) .....................................................................................................................6

N.D. Cal. Patent L.R. 1-3.............................................................................................................9

N.D. Cal. Patent L.R. 3-1.............................................................................................................7

iii

1

**Other Authorities**

2

J. Jonas Anderson & Paul R. Gugliuzza, *Federal Judge Seeks Patent Cases*,
    71 Duke L.J. 419 (2021) ..........................................................................................................14

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GOOGLE LLC'S MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

2044861

1

### NOTICE OF MOTION AND MOTION

2    PLEASE TAKE NOTICE that on May 2, 2023, at 2:00 p.m., or as soon thereafter as the

3  matter may be heard, in the Courtroom of the Honorable Trina L. Thompson located in the above-

4  entitled Court at 450 Golden Gate Avenue, Courtroom 9, 19th Floor, San Francisco, California,

5  94102, Defendant Google LLC ("Google") will and hereby does move for an order staying this

6  litigation pending the issuance of final written decisions in all *inter partes* review ("IPR")

7  proceedings before the Patent Trial and Appeal Board ("PTAB") that have been, or will be,

8  instituted on the asserted patents.

9    This motion is brought on the grounds that this case is still in its earliest stages, a stay

10  would simplify this case and narrow the issues in question, and no party would be prejudiced by a

11  stay. This motion is based upon this Notice of Motion and Motion, the following Memorandum

12  of Points and Authorities, the Declaration of Kaiyi A. Xie in support of Google's Motion to Stay

13  Case ("Xie Decl.") and the exhibits attached thereto, the [Proposed] Order filed concurrently

14  herewith, and upon all filings, records, and orders in this action, oral argument, and such

15  additional matters as may come before the Court prior to or at the hearing on this matter.

16

### STATEMENT OF ISSUE TO BE DECIDED

17    This motion presents the following issue for the Court's resolution: whether to stay all

18  proceedings in this action pending the conclusion of IPR proceedings—for those IPRs that have

19  already been instituted, and those currently-pending IPR petitions that will be instituted—on all

20  the asserted patents: U.S. Patent Nos. 7,246,058 ("the '058 patent"); 8,019,091 ("the '091

21  patent"); 8,321,213 ("the '213 patent"); 8,326,611 ("the '611 patent"); 8,467,543 ("the '543

22  patent"); 8,503,691 ("the '691 patent"); 10,779,080 ("the '080 patent"); 11,122,357 ("the '357

23  patent"); and 8,280,072 ("the '072 patent").

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.   INTRODUCTION[1]

3

For most of this nascent patent case's existence, the parties litigated the proper venue, due

4

to Plaintiff Jawbone Innovations, LLC's ("Jawbone") decision to sue in the Western District of

5

Texas, where Jawbone "ha[d] no meaningful presence." *In re Google LLC*, 58 F.4th 1379,

6

1384–85 (Fed. Cir. 2023). Meanwhile, the Patent Trial and Appeal Board ("PTAB") instituted

7

*inter partes* review ("IPR") on eight of the nine asserted patents, all of which are closely related.[2]

8

And the PTAB may soon institute IPRs on the ninth patent as well, which is the subject of two

9

pending IPR petitions with institution decisions expected in June 2023.

10

Courts in this district routinely stay comparably situated lawsuits, finding that the three

11

traditional stay factors weigh heavily in favor of pausing district court litigation to await the

12

PTAB's findings on claim validity. *See, e.g.*, *Williamson v. Google Inc.*, No. 15-cv-00966-BLF,

13

2015 WL 10890658, at *1–2 (N.D. Cal. Oct. 8, 2015) (staying case when "the parties have

14

engaged in some discovery, [but] discovery is far from complete," and the PTAB instituted IPRs

15

on 62 of the 110 asserted claims). This case is no different. ***First***, the case has been on this

16

Court's docket for just four weeks, and no deadlines or trial date have been set. Discovery is in its

17

infancy, with depositions (other than for venue discovery) yet to take place, written discovery

18

incomplete, and expert discovery far in the future. A claim construction order has issued, but

19

Jawbone (having lost on several key terms) wants this Court to revisit it. And a mountain of other

20

work lies ahead as well—*e.g.*, Jawbone has neither served infringement contentions that comply

21

22

23

---

24

[1] Throughout this brief: (1) emphases were added to quotations, while internal quotation marks, alterations, footnotes, and citations were omitted from them; (2) "FAC" refers to the operative First Amended Complaint, ECF No. 23; and (3) "Xie Decl." refers to the accompanying

25

Declaration of Kaiyi A. Xie in Support of Google's Motion to Stay Case.

26

[2] As discussed below, the FAC asserts nine patents. *See, e.g.*, FAC ¶¶ 23–36. Prior to transfer, Jawbone dropped a patent, and Judge Albright found various claims invalid for indefiniteness,

27

which eliminated three more patents. ECF No. 88; Xie Decl., ¶ 38. Thus, five patents remain pending before this Court. *See, e.g.*, *In the Black Res., LLC v. Blitz Design, Inc.*, No. 22-cv-

28

04227-WHO, 2022 WL 17082372, at *4 n.5 (N.D. Cal. Nov. 17, 2022) ("applying the law of the case doctrine to decisions made by another district court before transferring venues.").

with the Patent Local Rules, nor narrowed its asserted claims to a reasonable number.

*Second*, IPRs have *already* been instituted on the vast majority of claims in the asserted patents. A stay would therefore simplify this case, narrow the issues, conserve judicial resources, and eliminate the possibility of superfluous or contradictory rulings.

*Third*, a stay would not prejudice Jawbone in any way. As the Federal Circuit observed, Jawbone is a nonpracticing entity and thus "is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google*, 58 F.4th at 1383; *see also Evolutionary Intel. LLC v. Yelp Inc.*, No. 13-cv-03587-DMR, 2013 WL 6672451, at *8 (N.D. Cal. Dec. 18, 2013) (explaining that, in the context of motions to stay, a non-practicing entity's self-serving declaration purporting to establish plans to practice its patents—without actual "documentation of any research, design, or testing related to product development"—does not demonstrate prejudice).

Google therefore respectfully requests that the Court stay this case until all IPR proceedings have concluded, pursuant to this district's "liberal policy in favor of granting motions to stay pending IPR." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019).

## II.    BACKGROUND

Jawbone filed this suit in the Western District of Texas in September 2021. ECF No. 1. Three months later, in December 2021, it filed the operative FAC, which alleges that various Google products (*e.g.*, smartphones, smart speaker/home devices, and earbuds) infringe nine closely-related patents concerning acoustic noise suppression and voice activity detection: U.S. Patent Nos. 7,246,058 ("the '058 patent"); 8,019,091 ("the '091 patent"); 8,321,213 ("the '213 patent"); 8,326,611 ("the '611 patent"); 8,4467,543 ("the '543 patent"); 8,503,691 ("the '691 patent"); 10,779,080 ("the '080 patent"); 11,122,357 ("the '357 patent"); and 8,280,072 ("the '072 patent"). FAC ¶¶ 23–36. The FAC failed to specify which claims were allegedly infringed. Jawbone's preliminary infringement contentions (served on January 13, 2022) were no better, identifying 219 claims—almost *all* claims in the asserted patents—as being infringed, with scant explanation as to how.[3]

---

[3] Xie Decl., ¶ 35.

DEFENDANT GOOGLE LLC'S MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

All nine asserted patents are substantially similar. Many have identical specifications, claim priority from the same earlier-filed applications or patents, contain identical claim limitations, and claim highly similar purported inventions. Indeed, *by Jawbone's own admission*, the "patented inventions all generally relate to noise suppression in acoustic signal processing." ECF No. 51 at 1; ECF No. 54 at 1. Jawbone also asserted the same patents against Samsung, Apple, and Amazon. The Samsung and Apple lawsuits have since settled,[4] but the Amazon action was recently transferred to this Court. *See Jawbone Innovations, LLC v. Amazon.com, Inc.*, No. 3:22-cv-06727-TLT (N.D. Cal.) (the "*Amazon* Case"). Amazon has also moved to stay that action pending the IPRs. *Amazon* Case, ECF No. 85.

A.      **IPRs have already been instituted on eight of the nine asserted patents, and more may follow.**

Soon after being sued, Google filed IPR petitions on all claims of the nine asserted patents. As a result, **the PTAB has already instituted IPRs on eight of the nine asserted patents** based on a "reasonable likelihood" that numerous claims are invalid in view of the prior art. *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 268 (2016) (IPRs are instituted when "a petition show[s] 'a reasonable likelihood that' the challenger 'would prevail'" (quoting 35 U.S.C. § 314)). The status of Google's IPR petitions, including expected dates for final written decisions, is summarized below:[5]

---

[4] *See generally Jawbone Innovations, LLC v. Samsung Elecs. Co.*, No. 2:21-cv-00186-JRG-RSP (E.D. Tex., filed May 27, 2021); *Jawbone Innovations, LLC v. Apple Inc.*, No. 6:21-cv-00984-ADA (W.D. Tex., filed Sept. 23, 2021).

[5] Xie Decl., ¶¶ 2–17.

| PTAB Case No. | Patent | Petition Filing Date | Institution Status | Final Decision Due |
|---|---|---|---|---|
| IPR2022-00623 | '058 | Mar. 8, 2022 | All claims instituted | Oct. 31, 2023 |
| IPR2022-00649 | '091 | Mar. 15, 2022 | All claims instituted | Nov. 1, 2023 |
| IPR2022-00797; -00888 | '213 | Apr. 7, 2022; May 20, 2022 | Most claims instituted (claims 14-41)[6] | Dec. 1, 2023 |
| IPR2022-00604; -00889 | '611 | Feb. 22, 2022; May 16, 2022 | Denied | Pending rehearing on -00889[7] |
| IPR2022-01027 | '543 | May 25, 2022 | All claims instituted | Dec. 5, 2023 |
| IPR2022-01060; -01061 | '691 | June 9, 2022 | All claims instituted | Jan. 3, 2024 |
| IPR2022-01059 | '080 | May 27, 2022 | All claims instituted | Dec. 7, 2023 |
| IPR2022-01124 | '357 | June 16, 2022 | All claims instituted | Jan. 4, 2024 |
| IPR2022-00630 | '072 | Mar. 1, 2022 | All claims instituted | Sept. 13, 2023 |

*Table 1: Google's IPR Petitions*

Furthermore, ***the PTAB will soon decide whether to institute additional IPRs on all nine asserted patents***. Amazon has also filed IPR petitions, raising prior art invalidity grounds that are distinct from what Google's IPRs identified—including petitions on the '611 patent, which is the only patent for which an IPR has not already been instituted. Amazon now has pending petitions directed to all nine asserted patents. The status of Amazon's IPR petitions is summarized below:[8]

| PTAB Case No. | Patent | Petition Filing Date | Institution Decision Due |
|---|---|---|---|
| IPR2023-00222 | '058 | Nov. 17, 2022 | July 10, 2023 |
| IPR2023-00253 | '091 | Nov. 22, 2022 | June 8, 2023 |
| IPR2023-00276, -00279 | '213 | Nov. 28, 2022 | June 14, 2023 |
| IPR2023-00285, -00286 | '611 | Nov. 28, 2022 | June 14, 2023 |
| IPR2023-00275 | '543 | Nov. 28, 2022 | July 2023 (expected) |
| IPR2023-00559, -00561 | '691 | Feb. 3, 2023 | August 2023 (expected) |
| IPR2023-00284 | '080 | Nov. 28, 2022 | June 8, 2023 |
| IPR2023-00251 | '357 | Nov. 21, 2022 | June 8, 2023 |
| IPR2023-00216 | '072 | Nov. 15, 2022 | July 2023 (expected) |

*Table 2: Amazon's IPR Petitions*

---

[6] The PTAB denied institution of Google's IPR petitions on claims 1–13 and 42 of the '213 patent, but Google's rehearing request on that decision is pending.

[7] The PTAB denied Google's rehearing request in Case No. IPR2022-00604, but the rehearing request in Case No. IPR2022-00889 is still pending. Xie Decl., ¶¶ 8, 10.

[8] Xie Decl., ¶¶ 18–29.

### B.    Procedural posture.

In April 2022, Google filed a motion to transfer the case to the Northern District of California, ECF No. 41, which the Western District of Texas denied in October 2022, ECF No. 84. However, on February 1, 2023, in a precedential order, the Federal Circuit granted Google's petition for a writ of mandamus and ordered the case to be transferred to this district. *In re Google*, 58 F.4th at 1379.

Prior to transfer, Judge Albright issued a *Markman* order that construed certain claim terms and, notably, found many of them invalid for indefiniteness. ECF No. 88. As a result, *all* the claims of the '691, '080, and '357 patents are invalid, and *some* of the claims of the '213 and '611 patents are invalid. *Id.* at 3–4. The court did not construe any claims in the '072 patent or claim 2 of the '091 patent, as Jawbone agreed to no longer assert those claims against Google before the court issued its order.[9] Jawbone then filed a motion for reconsideration of the *Markman* order, but failed to cite any new evidence or facts that would merit reconsideration. ECF No. 96. Jawbone has stated that it will ask this Court to revisit Judge Albright's *Markman* Order. *Amazon* Case, ECF No. 99 at 6–7. Even eliminating the claims that Judge Albright ruled invalid, there are still 117 asserted claims across five patents.[10]

Discovery is in its early stages. Only about six months have passed since venue discovery closed on August 8, 2022, ECF No. 60, and no merits discovery occurred before then. In fact, the parties exchanged Fed. R. Civ. P. 26(a) initial disclosures on July 28, 2022, nearly a year after the case was first filed.[11] During merits discovery,[12] Jawbone has propounded 43 requests for production, and Google has propounded 53; Jawbone has served 20 interrogatories, and Google

---

[9] In an October 11, 2022 email, counsel for Jawbone informed the Court that Jawbone no longer asserts any of the claims of the '072 patent against Google. Xie Decl., ¶ 38 & Ex. 17.

[10] For the sake of "judicial economy and management of a court's docket," courts in this district frequently order plaintiffs to significantly reduce the number of asserted claims before claim construction occurs. *See, e.g.*, *Microchip Tech. Inc. v. Nuvoton Tech. Corp. Am.*, No. 19-cv-01690-SI, 2019 WL 4888676, at *1, 3 (N.D. Cal. Oct. 3, 2019) ("Judge Orrick ordered a process for reducing the initial 102 asserted claims to 10 per patent and no more than 32 claims total before claim construction, followed by a reduction 28 days after claim construction to 5 claims per patent and 16 claims total.").

[11] Xie Decl., ¶ 43.

[12] Xie Decl., ¶¶ 45–52.

has served 14; and Jawbone has noticed one deposition, and Google has yet to notice any. No merits depositions have been taken (and none are scheduled), and no other forms of written discovery have been exchanged. As for non-party discovery,[13] Jawbone has served seven subpoenas, and Google has served five. Again, no depositions have been taken, and none are scheduled. Including document productions made during venue discovery, Jawbone has produced 1,782 documents, and Google has produced 531 documents, as well as source code.

Moreover, as mentioned above, the parties exchanged preliminary invalidity and infringement contentions while the case was pending in Texas. Jawbone has yet to serve final infringement contentions, though Google has served final invalidity contentions.[14] Jawbone's preliminary contentions are heavy on the number of asserted claims but light on specificity, and therefore fail to comply with the Northern District of California's Patent Local Rules. Indeed, despite alleging myriad Google products of infringement—"at least all versions and variants" of "Google smartphones," "tablets and/or notebooks," "earbuds," "smart home devices," and "other Android Devices with Google Assistant functionality" (FAC ¶ 187)—Jawbone's preliminary contentions identify only a handful of Google products and fail to provide the detail that this Court's rules require.[15] *See* Patent L.R. 3-1(b)–(c) (requiring "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality . . . [a] chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality.").

In short, significant discovery, claim narrowing, and the exchange of sufficiently detailed infringement contentions lies ahead. And as would be expected for a case that entered fact discovery about six months ago, expert discovery, dispositive motions, *Daubert* motions, and other pre-trial proceedings are still far in the future.

Finally, this Court has not entered a scheduling order and no trial date is set.

---

[13] Xie Decl., ¶¶ 53–55.

[14] Xie Decl., ¶¶ 35–37, 41. The preliminary infringement contentions that Jawbone served do not meet the requirements of this district's Patent Local Rules. Google reserves the right to serve amended invalidity contentions once Jawbone serves adequate infringement contentions.

[15] Xie Decl., ¶¶ 35–36.

### III.    LEGAL STANDARD

District courts have inherent power to manage their dockets, including authority to stay a case pending resolution of IPR proceedings. *Zomm*, 391 F. Supp. 3d at 955. When determining whether to grant a stay pending IPR, courts consider: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* at 955–56.

### IV.    ARGUMENT

Here, all three factors weigh in favor of staying the case pending resolution of the IPR proceedings. Each factor is addressed in turn below.

#### A.    Discovery is in its infancy and no trial date has been set.

The first factor considered in whether to grant a stay is "the progress already made in the case, such as the completion of discovery, the setting of a trial date, and whether claim construction has occurred." *Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426-JST, 2018 WL 3539267, at *2 (N.D. Cal. July 23, 2018). Here, this factor weighs in favor of a stay. Written and document discovery is nowhere near done. No witnesses have been deposed outside of venue discovery. No expert discovery has occurred. No summary judgment or *Daubert* proceedings have begun. No case schedule is in place. No trial date is set.

The *Markman* order that issued before transfer does not counsel against a stay because Jawbone has made clear that it wants a second bite at the claim-construction apple.[16] Moreover, Jawbone's reconsideration motion seeks to relitigate whether various claims are indefinite, which is not an issue that "would be affected by waiting for the resolution of the IPRs—the [indefiniteness] issue could just as easily be decided when a stay is lifted," assuming that the IPRs

---

[16] Plaintiff stated, in its Response in Opposition to Amazon's Motion to Stay in the *Amazon* Case, that "[a] claim construction order in the *Google* Case was issued on October 17, 2022. The order found that certain claim terms in the '213 and '611 Patents are indefinite. Because the Court erred in finding these terms indefinite, Jawbone moved for reconsideration of that order on November 1, 2022. As of the date that the Federal Circuit transferred the *Google* Case to this Court, the motion for reconsideration had not been decided, and no judgment of invalidity had been entered. **Jawbone intends to seek constructions of those claim terms in this Court.**" *Amazon* Case, ECF No. 99 at 6–7.

do not moot the issue by invalidating the indefinite patents on other grounds. *Oyster Optics, LLC v. Ciena Corp.*, No. 20-cv-02354-JSW, 2021 WL 4027370, at *2 (N.D. Cal. April 22, 2021).[17]

In any event, "[c]ourts routinely grant stays at later stages in the proceedings, including when claim construction has already occurred" and fact discovery is almost, if not totally, complete. *LBT IP II LLC v. Uber Techs. Inc.*, No. 22-cv-03985-WHO, 2023 WL 322894, at *1 (N.D. Cal. Jan. 19, 2023); *see also, e.g.*, *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 16-cv-02787-WHO, 2018 WL 1471715, at *1 (N.D. Cal. March 26, 2018) (staying case after claim construction and the close of fact discovery, with trial about "eight months away").[18]

The rulings in *PersonalWeb I* and *PersonalWeb II* are particularly salient here. *See PersonalWeb Techs., LLC v. Facebook, Inc.* ("*PersonalWeb I*"), No. 13-cv-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014); *PersonalWeb Techs., LLC v. Apple Inc.* ("*PersonalWeb II*"), 69 F. Supp. 3d 1022 (N.D. Cal. 2014). Those cases were transferred to this district from the Eastern District of Texas after claim construction—and were stayed when fact discovery was nearly complete. There, the courts found that neither of these facts weighed against a stay. **First**, the *PersonalWeb I* court acknowledged that the "initial stages of [] litigation—exchange of contentions, early fact discovery, and claim construction—developed . . . under a different court's case management method and timetable." 2014 WL 116340, at *3. Such "particular procedural complexities," as well as the fact that the "significant and costly work of conducting expert discovery and preparing summary judgment motions" lay ahead, "compel[led] the court" to conclude that the first factor favored a stay. *Id.* at *4. Similarly, here, the case first advanced under the Western District of Texas's specific rules and case-scheduling protocols, which diverge from local practice in the Northern District of California. *Compare* ECF No. 38 at 11–15 (Judge Albright's Exemplary Schedule for Patent Cases), *with* N.D. Cal. Patent L.R. 1-3 (explaining "obligations or deadlines set forth in these Patent Local Rules").

---

[17] To be clear, Google has opposed Jawbone's motion for reconsideration on numerous grounds. *See* ECF No. 97.

[18] *See also, e.g.*, *Contour IP Holding, LLC v. GoPro, Inc.*, No. 17-cv-04738-WHO, 2018 WL 6574188, at *3 (N.D. Cal. Dec. 12, 2018) (similar); *Synopsys, Inc. v. Siemens Indus. Software Inc.*, No. 20-cv-04151-WHO, ECF No. 176 at 4 (N.D. Cal. June 7, 2022) (slip op.) (collecting cases).

Moreover, *PersonalWeb I* was nearly at the close of fact discovery and involved 15 asserted claims across three patents. 2014 WL 116340, at *1. Here, after eliminating the claims and patents that Judge Albright found invalid, there are still 117 asserted claims across five patents. Jawbone must also serve infringement contentions that comply with the Patent Local Rules. Thus, because Jawbone's infringement theories are so underdeveloped and scattershot that "the full scope of the suit" has yet to emerge, "the undeveloped nature of this case weighs in favor of a stay." *Netscope, Inc. v. Fortinet, Inc.*, No. 3:22-cv-01852-TLT, ECF No. 74 at 5 (N.D. Cal. Jan. 9, 2023) (Thompson, J.) (slip op.).

**Second**, in *PersonalWeb II*, the court stayed the case even though the parties had "exchanged over 100 requests for production of documents and ha[d] in fact produced over 500,000 pages; ha[d] propounded and responded to over 50 interrogatories; and ha[d] taken a dozen depositions." 69 F. Supp. 3d at 1026. However, there was no trial date, and expert discovery and summary judgment motions—"costly stages of litigation"—lay ahead, leading the *PersonalWeb II* court to find the first factor weighed in favor of a stay. *Id.* at 1026–27.[19] By contrast, here, the parties together have exchanged fewer than 100 requests for production; produced fewer than 2,400 documents (excluding source code); propounded 34 interrogatories; and have taken no depositions.

In short, the instant case is even less developed than *PersonalWeb I* and *PersonalWeb II*, so it necessarily follows that the procedural posture here militates even more strongly in favor of a stay. Thus, the first stay factor weighs in favor of a stay.

**B.      A stay will simplify this case and conserve resources.**

The second stay factor—simplification of issues, and conservation of judicial and party resources—also weighs strongly in favor of a stay, especially under the present facts in which the PTAB has already instituted IPRs on eight of the nine asserted patents. "A stay is favored under the second factor when the outcome of the [IPR] would be likely to assist the court in determining patent validity and, if the claims were cancelled in the [IPR], would eliminate the need to try the

---

[19] *See also Contour IP Holding*, 2018 WL 6574188, at *3 (granting stay after claim construction, the beginning of expert discovery, five depositions, sixteen third-party subpoenas, and "thousands of documents produced").

infringement issue." *Palo Alto Networks, Inc. v. Packet Intel. LLC*, No. 19-cv-02471-WHO, 2020 WL 5760475, at *2 (N.D. Cal. Sept. 28, 2020) (favoring stay even when PTAB denied institution as to one asserted patent).

*First*, courts favor a stay when IPRs have been instituted on a "substantial portion" of the asserted claims, and other asserted claims were "subject to pending requests for IPR." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. 14-cv-1575-EMC, 2014 WL 3107447, at *5, 7 (N.D. Cal. July 3, 2014). The "issue is simplification, not elimination." *LBT IP*, 2023 WL 322894, at *2. Here, the PTAB has already instituted review of 161 of the 219 asserted claims. This means that IPRs have already been instituted on the majority of *all claims*—not merely the asserted claims—in eight of the nine asserted patents. And Amazon's pending IPR petitions cover all asserted claims in all nine asserted patents, including the few asserted claims that Google's already-instituted IPRs do not cover.

The PTAB's institution of the IPRs based on Google's petitions suggest that there is a "reasonable likelihood" that the PTAB will invalidate ***all*** the asserted claims under review. *Cuozzo Speed Techs.*, 579 U.S. at 273 (to institute review, the PTAB must make a merits determination that there is a "reasonable likelihood" of invalidation based on the prior art presented). Tellingly, during Fiscal Year 2022, 81.7% of all instituted IPRs with final written decisions resulted in *at least* one claim being found invalid, and 65.7% of instituted IPRs resulted in *all* instituted claims being found invalid.[20] *See Evolutionary Intel., LLC v. Sprint Nextel Corp.*, No. 13-cv-4513-RMW, 2014 WL 819277, at *3 (N.D. Cal. Feb. 28, 2014) (high IPR grant rate figures "indicate that there is a high likelihood that at least one of the eight IPR petitions will simplify the issues for trial"). This case is already sprawling and complex, and there is no reason to further complicate matters through duplicating the work of the PTAB.

***Second***, even assuming the improbable will come to pass and the IPRs are completely unsuccessful, the case will still be streamlined. There are two main reasons for this. **(1)** As noted above, many of the asserted patents share a common specification, similar claim limitations, and claim priority to the same earlier-filed applications or patents. Even Jawbone concedes that the

---

[20] Xie Decl., ¶¶ 30–32.

DEFENDANT GOOGLE LLC'S MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

2044861

asserted patents "all generally relate" to the same technology. ECF No. 51 at 1; ECF No. 54 at 1. Because of these similarities, the PTAB's findings—*and Jawbone's arguments during the IPR proceedings*—will necessarily impact the claims *not* under review and/or not invalidated. Where multiple patents "derive from the same parent application and share many common terms, [a court] must interpret the claims consistently across all asserted patents." *NTP, Inc. v. Rsch. in Mot., Ltd.*, 418 F.3d 1282, 1293 (Fed. Cir. 2005). Moreover, "statements made by patent owners during an IPR can be considered for prosecution disclaimer"—a form of estoppel that prevents patentees from presenting claims one way to the Patent Office "in order to obtain their allowance and in a different way against accused infringers." *Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1360–61 (Fed. Cir. 2017). Therefore, it does not make sense to plow through the exchange of local-rule-compliant infringement contentions and expert discovery here, because Jawbone may take positions in the IPRs on the meaning and scope of claim limitations that are directly relevant to its infringement and validity positions in this case. For example, if Jawbone argued in the IPRs that certain prior art does not invalidate its patents, but that prior art is similar to Google's accused products, then Jawbone's arguments will be highly relevant to non-infringement, damages, and other disputed issues in district court—even in the unlikely event that none of the claims are canceled in IPR.

**(2)** Upon the PTAB's issuance of a final written decision in the instituted IPRs, Google will be estopped from asserting certain invalidity defenses under sections 102 (anticipation) and 103 (obviousness) before this Court. *See* 35 U.S.C. § 315(e); *Aavid Thermalloy LLC v. Cooler Master, Ltd.*, No. 17-cv-05363-JSW, 2019 WL 4009166, at *3 (N.D. Cal. Aug. 26, 2019) ("As has been repeatedly stated in this District, even if all the asserted claims survive IPR, the case could still be simplified because Defendant would be bound by the estoppel provisions for IPR . . . .").

At bottom, the IPR process will necessarily shape and limit the arguments the parties can make in this Court regardless of the result. But the most probable outcome of Google's and Amazon's IPRs—especially because so many have already been instituted—is that many

DEFENDANT GOOGLE LLC'S MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

1   (if not all) asserted claims will be eliminated from this case. Therefore, the second stay factor

2   weighs heavily in favor of a stay.

3          **C.**      **A stay will not unduly prejudice Jawbone.**

4         The third stay factor is whether a stay would "unduly prejudice or present a clear tactical

5   disadvantage to the nonmoving party." *Zomm, LLC*, 391 F. Supp. 3d at 956. The Federal Circuit's

6   order granting Google's mandamus petition helps short-circuit this entire analysis. The Federal

7   Circuit ruled that Jawbone would not be prejudiced by a supposedly longer time-to-trial in this

8   district, as compared to the Western District of Texas, because Jawbone "is not engaged in

9   product competition in the marketplace" that would in any way "add urgency to case resolution."

10  *In re Google*, 58 F.4th at 1383. The same is true here; any delay to trial while awaiting the

11  PTAB's rulings would not prejudice Jawbone because it is a nonpracticing entity, and thus any

12  harm that might be caused by delay is addressable by monetary damages.

13        But even if this Court were to consider each of the four sub-factors in evaluating the

14  prejudice to the non-moving party, it would find that a stay is warranted. The four sub-factors are:

15  "(1) the timing of the IPR petition for review; (2) the timing of stay request; (3) the status of

16  review [proceedings]; and (4) the relationship of the parties." *Zomm*, 391 F. Supp. 3d at 957.

17  "Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing

18  of prejudice beyond the delay necessarily inherent in any stay." *PersonalWeb II*, 69 F. Supp. 3d at

19  1029. The delay necessarily inherent to a stay does not, by itself, constitute undue prejudice. Each

20  of the four sub-factors are addressed in turn below.

21        **(1)** ***Google promptly filed the IPR petitions.*** Google diligently filed its IPR petitions

22  within months of the initiation of this lawsuit and receiving Jawbone's infringement contentions.

23  As such, Google's IPR petitions are timely and were filed well within the one-year statutory limit.

24  *See supra* Table 1; *Sprint*, 2014 WL 819277, at *4 (finding no unreasonable delay when "the IPR

25  petitioners filed the petitions properly within the statutory time frame"); *Cypress Semiconductor*

26  *Corp. v. GSI Tech., Inc.*, No. 13-cv-02013-JST, 2014 WL 5021100, at *4 (N.D. Cal. Oct. 7, 2014)

27  ("[W]aiting until after receiving infringement contentions to analyze the claims alleged and then

28  filing petitions for review does not cause undue prejudice."). This sub-factor favors a stay.

**(2)** *Google promptly requested a stay.* The timing of Google's stay motion does not prejudice Jawbone. Google moved to stay this case almost immediately after it was transferred to this Court. *See Robert Bosch*, 2014 WL 3107447, at *6 (finding no prejudice to plaintiff where the defendant filed a motion to stay "two months after the Texas Court transferred this case" and observing that the plaintiff's "decision to file this case in Texas instead of in its home district, the Northern District of California, [was] a primary factor in the eleven month time period it took for [the defendant] to file its stay motion"). In fact, the *PersonalWeb I* court observed that the stay motion in that case could not have been filed prior to transfer to this district; the Eastern District of Texas's idiosyncratic rules and case-management approach meant "any such [stay] motion . . . may reasonably have been considered inappropriate." 2014 WL 116340, at *3. Here, similar rules and practices in the Western District of Texas hamstrung Google from moving any earlier for a stay.[21] Thus, this sub-factor weighs in favor of a stay.

**(3)** *Review proceedings are already underway.* The status of the IPR proceedings does not prejudice Jawbone because "[a] substantial proportion of the claims of the patents-in-suit are now subject to an instituted IPR proceeding; as to the others, there is a pending request for IPR." *See Robert Bosch*, 2014 WL 3107447, at *6. This sub-factor still militates in favor of a stay even though the PTAB has not yet instituted IPR proceedings on one of the nine asserted patents. *See Google LLC v. EcoFactor, Inc.*, No. 21-cv-03220-HSG, 2022 WL 6837715, at *3 (N.D. Cal. Oct.

---

[21] Judge Albright almost *never* stays cases pending already-instituted IPRs. Indeed, scholars have observed: "Judge Albright has attracted patentees to his court [] through his unwillingness to stay litigation pending related disputes in other fora, primarily the PTAB. . . . Judge Albright has explicitly stated that part of his motivation in setting early trial dates is to allow litigants to avoid PTAB review." J. Jonas Anderson & Paul R. Gugliuzza, *Federal Judge Seeks Patent Cases*, 71 Duke L.J. 419, 465, 468 (2021) (attached as Xie Decl., Ex. 18). Judge Albright "sees little sense in putting off trial (and the plaintiff's potential recovery) in favor of a lagging, limited adjudication [before the PTAB] that may not ultimately obviate the need for a jury trial," and unless a movant can show that the PTAB will almost certainly invalidate *all* asserted claims (the elimination of *some* claims is not enough), then the court will refuse a stay. *Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-cv-00168-ADA, 2022 WL 2307475, at *3 (W.D. Tex. June 27, 2022) (Albright, J.); *but see, e.g.*, *Palo Alto Networks*, 2020 WL 5760475, at *2 (N.D. Cal. Sept. 28, 2020) ("The PTAB's determination not to institute review of the '099 Patent does not defeat PAN's motion for a stay. The standard is whether the PTAB's decision could simplify the issues in this matter, not whether they would eliminate the issue.") Indeed, even for already-instituted IPRs, the Western District conducts its own merits analysis of the PTAB's rationale for instituting IPRs to ascertain whether *instituted* IPRs will invalidate all asserted claims. *Sonrai*, 2022 WL 2307475, at *4 (criticizing the PTAB's rationale in its Institution Decision as "brief" and denying a stay).

13

1  11, 2022) ("Review has been instituted on three of the four Asserted Patents, and thus this

2  subfactor weighs in favor of a stay.").

3          **(4) *The parties do not compete*.** As the Federal Circuit emphasized, Jawbone is a

4  nonpracticing entity and thus does not compete with Google. "It appears undisputed that Jawbone

5  . . . is not engaged in product competition in the marketplace . . . ." *In re Google*, 58 F.4th at

6  1384. Tellingly, "Jawbone incorporated in Texas in February 2021 and established an office in

7  Waco in August 2021, just one month before it filed suit against Google." *Id.* at *4. Thus, the lack

8  of any relationship between the parties here favors a stay—"considering the parties are not

9  competitors, any harm from the temporary halt in enforcing . . . the asserted patents can be

10  addressed through a final damages award." *PersonalWeb I*, 2014 WL 116340, at *5. This is

11  clearly demonstrated by the fact that Jawbone does not seek injunctive relief. FAC at Prayer for

12  Relief. Though Jawbone ostensibly "anticipates [it] will practice the technology disclosed in one

13  or more of the patents," *Amazon* Case, ECF No. 99 at 13, Jawbone's say-so does not diminish the

14  undisputed fact that Jawbone *is* at present a non-practicing entity and thus not a direct competitor.

15  Courts have rejected similar attempts by nonpracticing entities to paint themselves as competitors,

16  finding arguments that they "would be prejudiced by a stay even though [they] do[] not actively

17  practice the asserted patents [are] speculative." *Williamson*, 2015 WL 10890658, at *3.

18          **In sum**, all four sub-factors weigh in favor of a stay, and a stay will not unduly prejudice

19  Jawbone.

20                                        * * *

21          All three traditional stay factors strongly weigh in favor of a stay. The instituted IPRs

22  make it likely that at least some portion of the case will be mooted by the PTAB's rulings on the

23  validity of the asserted patents. This litigation is still in its early stages, meaning that a stay could

24  avoid saddling the Court and the parties with substantial amounts of unnecessary time and effort.

25  And Jawbone—a nonpracticing entity without products on the market—would not be prejudiced

26  by a stay, and could be made whole for alleged infringement through monetary damages.

27

28

1

**V.     CONCLUSION**

2

        For the foregoing reasons, Google respectfully requests that the Court stay this case

3

pending the PTAB's resolution of all IPRs that have been, or will be, instituted on the asserted

4

patents.

5

Dated:  March 13, 2023                                    KEKER, VAN NEST & PETERS LLP

6

7

                                            By:   /s/ *Erin E. Meyer*

8                                                 DAVID SILBERT
                                                  REID P. MULLEN
9                                                 ERIN E. MEYER
                                                  DAVID J. ROSEN
10                                                RYLEE KERCHER OLM
                                                  LUIS G. HOYOS
11                                                KAIYI A. XIE
                                                  JACQUELINE CONCILLA
12
                                                  Attorneys for Defendant GOOGLE LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GOOGLE LLC'S MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

2044861