Alfred R. Fabricant
ffabricant@fabricantllp.com
Peter Lambrianakos
plambrianakos@fabricantllp.com
Vincent J. Rubino, III
vrubino@fabricantllp.com
Richard Cowell
rcowell@fabricantllp.com
Justine Minseon Park
apark@fabricantllp.com
Jacob Ostling
jostling@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Benjamin T. Wang
bwang@raklaw.com
Minna Y. Chan
mchan@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

Attorneys for Plaintiff
*Jawbone Innovations, LLC*

RUSS AUGUST & KABAT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAWBONE INNOVATIONS, LLC,<br><br>                              *Plaintiff,*<br><br>        v.<br><br>GOOGLE LLC,<br><br>                              *Defendant.* | Case No. 3:23-cv-00466-TLT<br><br>**PLAINTIFF JAWBONE INNOVATIONS, LLC'S RESPONSE IN OPPOSITION TO GOOGLE LLC'S MOTION TO STAY CASE PENDING INTER PARTES REVIEW (DKT.132)** |

# TABLE OF CONTENTS

Page(s)

I.     INTRODUCTION ...................................................................................................... 1

II.    FACTUAL BACKGROUND ..................................................................................... 1

III.   LEGAL STANDARDS .............................................................................................. 3

IV.    ARGUMENT .............................................................................................................. 4

       A.     Simplification of the Issues and Trial of the Case Do Not Favor a Stay ................. 4

       B.     The Prejudice and Disadvantage to Jawbone Weighs Against a Stay ...................... 6

       C.     The Stage of the Case Does Not Favor a Stay ......................................................... 8

V.     CONCLUSION ........................................................................................................... 9

PLAINTIFF JAWBONE INNOVATIONS, LLC'S RESP. IN OPP TO DEFENDANT GOOGLE LLC'S MOTION TO STAY CASE
PENDING INTER PARTES REVIEW, Case No. 3:23-cv-00466-TLT

RUSS AUGUST & KABAT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Comcast Cable Commc'ns Corp. v. Finisar Corp.*,
  No. C 06–cv–04206–WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007)...................................3

*Cypress Semiconductor Corp. v. GSI Tech., Inc.*,
  No. 13-cv-02013-JST, 2014 WL 5021100 (N.D. Cal. Oct. 7, 2014) ...........................................6

*DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*,
  No. 15-cv-01362-BLF, 2015 WL 12859346 (N.D. Cal. Oct. 13, 2015) ....................................5, 6

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) ....................................................................................................3

*Evolutionary Intelligence, LLC v. Millenial Media, Inc.*,
  No. 5:13-CV-04206, 2014 WL 2738501 (N.D. Cal. June 11, 2014) ...........................................4

*Google LLC v. Jawbone Innovations, LLC*,
  IPR2022-00604, Paper 17 (P.T.A.B. Mar. 3, 2023) .....................................................................3

*GoPro, Inc. v. C&A Mktg., Inc.*,
  No. 16-cv-03590-JST, 2017 WL 2591268 (N.D. Cal. June 15, 2017) .........................................4

*Jawbone Innovations, LLC v. Google LLC*,
  No. 6:21-cv-00985-ADA, Dkt. 1 (W.D. Tex. Sept. 23, 2021)...........................................1, 2, 7, 8

*Nken v. Holder*,
  556 U.S. 418 (2009) .....................................................................................................................4

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
  No. 5:13-cv-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014)........................................4

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
  No. C–14–1575 EMC, 2014 WL 3107447 (N.D. Cal. July 3, 2014) ...........................................4

*SAGE Electrochromics, Inc. v. View, Inc.*,
  No. 12-cv-06441-JST, 2015 WL 66415 (N.D. Cal. Jan. 5, 2015) ........................................5, 6, 7

*Skillz Platform Inc. v. Aviagames Inc.*,
  No. 21-cv-02436, 2022 WL 1189882 (N.D. Cal. Apr. 21, 2022) ............................................4, 7

*Telemac Corp. v. Teledigital, Inc.*,
  450 F. Supp. 2d 1107 (N.D. Cal. 2006) ........................................................................................4

*TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*,
  No. 13-CV-02218-JST, 2013 WL 6021324 (N.D. Cal. Nov. 13, 2013) ....................................5, 6

RUSS AUGUST & KABAT

ii

PLAINTIFF JAWBONE INNOVATIONS, LLC'S RESP. IN OPP TO DEFENDANT GOOGLE LLC'S MOTION TO STAY CASE
PENDING INTER PARTES REVIEW, Case No. 3:23-cv-00466-TLT

I.      **INTRODUCTION**

Defendant Google LLC ("Defendant" or "Google") seeks to stay this case for nearly a year or pending resolution of nine *inter partes* review ("IPR") proceedings.  First, IPRs have only been instituted against eight of the nine Asserted Patents.[1]  There are no instituted IPRs against the '611 Patent or several of the claims from the '213 Patent which are asserted in this case.  As such, a stay would not resolve issues with respect to claims of the '611 and '213 Patents.

Second, a stay would be highly prejudicial to Jawbone who is currently researching and developing products, and grant of a lengthy stay would permit Google to continue selling products that infringe upon the Asserted Patents while Jawbone continues to develop products to introduce to the market.

Third, this case had advanced through fact discovery, with the parties exchanging discovery responses and document productions.  In addition, the WDTX Court has already issued a claim construction memorandum and order, although Jawbone had moved for reconsideration of certain of those claim constructions.

The circumstances do not warrant a stay because Google does not demonstrate that each (or any) claim of the Patents-in-Suit will be either amended or canceled in any parallel proceeding.

II.     **FACTUAL BACKGROUND**

On September 23, 2021, Jawbone filed a complaint against Google LLC ("Google") in the Western District of Texas alleging infringement of the Asserted Patents.[2]  *Jawbone Innovations, LLC v. Google LLC*, No. 6:21-cv-00985-ADA, Dkt. 1 (W.D. Tex. Sept. 23, 2021) ("WDTX Case").  At the time the WDTX Case was transferred, the parties had exchanged contentions, written discovery and document productions, and Jawbone had served subpoenas on several third parties.

RUSS AUGUST & KABAT

---

[1] The Asserted Patents include U.S. Patent Nos. 8,019,091 (the "'091 Patent"); 7,246,058 (the "'058 Patent"); 8,280,072 (the "'072 Patent"); 8,321,213 (the "'213 Patent"); 8,326,611 (the "'611 Patent"); 10,779,080 (the "'080 Patent"); 11,122,357 (the "'357 Patent"); 8,467,543 (the "'543 Patent"); and 8,503,691 (the "'691 Patent").

[2] The '691 Patent was added through an amended complaint filed Dec. 23, 2021. *Google* Case, Dkt. 23 (W.D. Tex. Dec. 23, 2021).

A claim construction order in the *WDTX Case* was issued on October 14, 2022. Ex. A. The order found that certain claim terms in the '213 and '611 Patents are indefinite. *Id.* at 3.  Because the Court erred in finding these terms indefinite, Jawbone moved for reconsideration of that order on November 1, 2022.  *See WDTX Case*, Dkt. 96 (W.D. Tex. Nov. 1, 2022).  As of the date that the Federal Circuit transferred the WDTX Case to this Court, the motion for reconsideration had not been decided, and no judgment of invalidity had been entered.  Jawbone intends to seek constructions of those claim terms in this Court.

In addition, according to the Scheduling Order in the WDTX Case, the parties were to serve final infringement and invalidity contentions on September 21, 2022, and September 28, 2022, respectively.  WDTX Case, Dkt. 27 (W.D. Tex. Jan. 7, 2022).  The Scheduling Order also set forth that the parties were to meet and confer regarding the narrowing of claims and prior art references on January 25, 2023, one week prior to the transfer of the WDTX Case to this Court.  *Id.*  Fact discovery was set to close on February 22, 2023.  *Id.*

Google filed twelve IPR petitions against the '091, '058, '072, '213, '691, '080, '357, and '543 Patents.[3]  Of those, institution was denied in two IPRs against the '611 Patent, and institution was denied in the IPR against claims 1-13 and 42 of the '213 Patent.[4]  Google's request for a rehearing for one of the IPRs against the '611 Patent has since been denied. *See Google LLC v.*

---

[3] *See Google LLC v. Jawbone Innovations, LLC*, IPR2022-00604 (P.T.A.B. Feb. 22, 2022), *Google LLC v. Jawbone Innovations, LLC*, IPR2022-00623 (P.T.A.B. Mar. 8, 2022), *Google LLC v. Jawbone Innovations, LLC*, IPR2022-00630 (P.T.A.B. Mar. 1, 2022), *Google LLC v. Jawbone Innovations, LLC*, IPR2022-00649 (P.T.A.B. Mar. 15, 2022), *Google LLC v. Jawbone Innovations, LLC*, IPR2022-00797 (P.T.A.B. Apr. 7, 2022), *Google LLC v. Jawbone Innovations, LLC*, IPR2022-00888 (P.T.A.B. May 20, 2022), *Google LLC v. Jawbone Innovations, LLC*, IPR2022-00889 (P.T.A.B. May 16, 2022), *Google LLC v. Jawbone Innovations, LLC*, IPR2022-01027 (P.T.A.B. May 25, 2022), *Google LLC v. Jawbone Innovations, LLC*, IPR2022-01059 (P.T.A.B. May 27, 2022), *Google LLC v. Jawbone Innovations, LLC*, IPR2022-01060 (P.T.A.B. June 9, 2022), *Google LLC v. Jawbone Innovations, LLC*, IPR2022-01061 (P.T.A.B. June 9, 2022), *Google LLC v. Jawbone Innovations, LLC*, IPR2022-01124 (P.T.A.B. June 16, 2022).

[4] *See Google LLC v. Jawbone Innovations, LLC*, IPR2022-00604, Paper No. 12 (P.T.A.B. Oct. 6, 2022); *Google LLC v. Jawbone Innovations, LLC*, IPR2022-00888, Paper No. 12 (P.T.A.B. Nov. 28, 2022); *Google LLC v. Jawbone Innovations, LLC*, IPR2022-00889, Paper No. 12 (P.T.A.B. Nov. 14, 2022).

RUSS AUGUST & KABAT

2

PLAINTIFF JAWBONE INNOVATIONS, LLC'S RESP. IN OPP TO DEFENDANT GOOGLE LLC'S MOTION TO STAY CASE PENDING INTER PARTES REVIEW, Case No. 3:23-cv-00466-TLT

*Jawbone Innovations, LLC*, IPR2022-00604, Paper 17 (P.T.A.B. Mar. 3, 2023).  The remaining Google IPRs were instituted.

Amazon.com, Inc. and Amazon.com Services, Inc. (collectively, "Amazon") have filed 12 IPR petitions against the Asserted Patents.[5]  Those IPRs were all filed as late as possible within the statutory period of one year from service of the operative complaint.  As shown below, the IPRs with respect to the eight patents included in the original complaint against Amazon were filed more than 11 months and two weeks after the filing of the original complaint.  Amazon's IPR's against the '691 Patent included in the amended complaint were filed more than 11 months after the amended complaint was filed.  None of these IPRs have been instituted.

## III.    LEGAL STANDARDS

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted).  While the case law provides several general considerations that are helpful in determining whether to order a stay, ultimately the Court must decide stay requests on a case-by-case basis.  *Comcast Cable Commc'ns Corp. v. Finisar Corp.*, No. C 06–cv–04206–WHA, 2007 WL 1052883, at * 1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighed in each instance against the possible drawbacks.").

Courts traditionally consider three main factors in determining whether to stay a case pending the conclusion of IPR proceedings: "(1) whether discovery is complete and whether a trial

---

[5] *See Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00216 (P.T.A.B. Nov. 15, 2022); *Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00222 (P.T.A.B. Nov. 17, 2022); *Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00251 (P.T.A.B. Nov. 21, 2022); *Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00253 (P.T.A.B. Nov. 22, 2022); *Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00275 (P.T.A.B. Nov. 28, 2022); *Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00276 (P.T.A.B. Nov. 28, 2022); *Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00279 (P.T.A.B. Nov. 28, 2022); *Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00284 (P.T.A.B. Nov. 28, 2022); *Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00285 (P.T.A.B. Nov. 28, 2022); *Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00286 (P.T.A.B. Nov. 28, 2022); *Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00559 (P.T.A.B. Feb. 3, 2023); and *Amazon.com, Inc. v. Jawbone Innovations, LLC*, IPR2023-00561 (P.T.A.B. Feb. 3, 2023);

3

date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citation omitted); *see also Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C–14–1575 EMC, 2014 WL 3107447, at *3 (N.D. Cal. July 3, 2014). "The party seeking the stay bears the burden of persuading the court that a stay is appropriate." *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13-CV-04206, 2014 WL 2738501, at *3 (N.D. Cal. June 11, 2014) (citing *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)).

## IV.    ARGUMENT

### A.    Simplification of the Issues and Trial of the Case Do Not Favor a Stay

This factor addresses whether and to what degree a stay will simplify the litigation. *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-cv-01356-EJD, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014). This factor does not favor a stay because the '611 Patent currently has no instituted IPRs against it, and several claims of the '213 Patent which will be asserted in this case also have not had IPRs instituted. Thus, no simplification is likely, at least as to those patent claims. *See Skillz Platform Inc. v. Aviagames Inc.*, No. 21-cv-02436, 2022 WL 1189882, at *3 (N.D. Cal. Apr. 21, 2022) ("The Court finds that simplification from the IPRs is purely speculative at this stage.").

The mere filing of Amazon's IPRs does not support simplification of the issues. Amazon waited to file its IPR petitions nearly one year after receipt of the operative complaint. Accordingly, review has not yet been instituted, and the institution decisions will not come for several months. *See GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-cv-03590-JST, 2017 WL 2591268, at *4 (N.D. Cal. June 15, 2017) ("With respect to this factor, the Court finds most relevant the fact that C&A's petition was filed shortly before its motion, review has not yet been instituted, and the institution decision will not come for several months."). This Court has held that "the filing of an IPR request *by itself* does not simplify the issues in question and trial of the case. Ultimately, the PTO may not institute IPR proceedings." *TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*, No. 13-CV-

4

PLAINTIFF JAWBONE INNOVATIONS, LLC'S RESP. IN OPP TO DEFENDANT GOOGLE LLC'S MOTION TO STAY CASE PENDING INTER PARTES REVIEW, Case No. 3:23-cv-00466-TLT

RUSS AUGUST & KABAT

02218-JST, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013) (footnote omitted).  Google argues that Amazon's IPR petitioners "cover all asserted claims in all nine asserted patents, including the few asserted claims that Google's already-instituted IPRs do not cover" and therefore, would increase the likelihood of simplification, but "this argument is largely undercut by the reality that IPR has not yet been instituted" with respect to those petitions.  Mot. at 10; *see SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2015 WL 66415, at *2 (N.D. Cal. Jan. 5, 2015).  In addition, Google admits that the Amazon IPR Petitions raise "prior art invalidity grounds that are distinct from what Google's IPRs identified."  Mot. at 4.  Accordingly, speculation that Amazon's IPRs will be instituted is undercut by Google's own admission that Amazon's petitions set forth grounds different from those in Google's instituted IPRs.  *See DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-cv-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) ("The Court agrees with Plaintiff and finds that the question of whether a stay will simplify and streamline the issues in this litigation depends entirely on whether the PTAB decides to grant the IPR petition.").

Google also argues that prosecution disclaimer based on Jawbone's own statements during the course of the IPR proceedings, as well as estoppel of Google's own invalidity defenses, will necessarily streamline the case. Mot. at 11-12.  However, final written decisions in the Google IPRs will not be due until as early as September 2023 and as late as August 2024 for certain of the Amazon IPRs.  Further, Google does not submit or agree to be estopped from relying on the same prior art references and invalidity defenses as those submitted by Amazon, despite relying on Amazon's non-instituted IPR petitions for the instant motion.

In addition, all of Google Accused Products infringe the '213 and '611 Patents, the two patents that either have no institution decisions or only affect a portion of the claims, whereas only a subset of the Google Accused Products infringe the other Patents-in-Suit.

As discussed above, there is no instituted IPR against the '611 Patent or against multiple claims of the '213 Patent.  Moreover, the PTAB has yet to rule on the Amazon IPR petitions against the '611 Patent or '213 Patent, and institution of those petitions will not be determined until July

5

PLAINTIFF JAWBONE INNOVATIONS, LLC'S RESP. IN OPP TO DEFENDANT GOOGLE LLC'S MOTION TO STAY CASE PENDING INTER PARTES REVIEW, Case No. 3:23-cv-00466-TLT

RUSS AUGUST & KABAT

2023.  "While an IPR proceeding might simplify a case once IPR has been granted, at this point it is too early to draw that conclusion."  *TPK Touch Soln's*, 2013 WL 6021324, at *4; *SAGE Electrochromics*, 2015 WL 66415, at *3 ("Nonetheless, the uncertainty surrounding whether the PTO will elect to institute IPR proceedings weighs against a finding of likelihood of simplification of the issues.  This factor therefore weighs against a stay at this time.").

Further, Google merely speculates that the IPRs *may* resolve issues regarding the Asserted Patents.  However, the PTAB may decide not to institute IPR proceedings on Amazon's petitions, and institution of the IPRs does not indicate that these claims will be invalidated.  *See DiCon*, 2015 WL 12859346, at *2 ("Until the PTAB makes a decision on whether to grant the IPR process petition, any argument about whether the IPR process will simplify issues in this litigation is highly speculative. The PTAB could choose not to institute IPR proceedings and reliance on the PTAB's past performance with respect to invalidating patents does not give the Court any concrete information about how the PTAB will analyze the asserted patent in this case.").  Accordingly, the alleged simplification of issues does not weigh in favor of a stay.

### B.   The Prejudice and Disadvantage to Jawbone Weighs Against a Stay

This factor assesses "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."  *TPK Touch Soln's*, 2013 WL 6021324, at *4.  In assessing the prejudice to the non-moving party, courts may consider four additional factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties."  *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-02013-JST, 2014 WL 5021100 at *3 (N.D. Cal. Oct. 7, 2014).

First, while Google alleges that it promptly filed its IPR petitions, it also relies on the filing of Amazon's IPR petitions as a basis for staying the instant case.  Mot. at 12.  As shown above, there are no instituted IPR petitions against the '611 Patent or against multiple claims of the '213 Patent, and Google relies on the Amazon IPR petitions as a basis for its motion to stay this case.

Second, Google alleges that it promptly requested a stay *after it was transferred to this Court*.  Mot. at 13.  Google acknowledges that a motion to stay *could* have been filed in the WDTX

RUSS AUGUST & KABAT

1    Case following institution of its IPR petitions, but rather, waited until the case was transferred to

2    this Court because it alleges "Judge Albright almost *never* stays cases pending already-instituted

3    IPRs." Mot. at 13 n.21.  Google, accordingly, concedes that its decision to file a motion to stay in

4    this Court was strategic because it allegedly anticipated Judge Albright in the WDTX would have

5    denied its motion.

6          Third, the PTAB has not instituted IPRs on the '611 Patent and a portion of the claims of the

7    '213 Patent.  An institution decision on Amazon's petitions against the '611 Patent would not be

8    expected until at least July 2023.  Accordingly, this sub-factor weighs against issuing a stay because

9    the PTAB has yet to decide whether to grant Amazon's IPRs with respect to the '611 Patent.  *See*

10   *SAGE Electrochromics*, 2015 WL 66415, at *4.

11         Lastly, while Google alleges that there is no prejudice to Jawbone because it is allegedly a

12   non-practicing entity "[w]hether the parties are sole competitors is only one factor courts consider."

13   *Skillz*, 2022 WL 1189882, at *6.  Nonetheless, Google is incorrect.  Jawbone is currently developing

14   products with the primary inventor on the Asserted Patents, Dr. Gregory Burnett.  *See* Ex. B,

15   *Jawbone Innovations, LLC v. Amazon.com, Inc.*, No. 3:22-cv-06727-TLT, Dkt. 99-3 (N.D. Cal. Feb.

16   28, 2023) ("Gabay Decl.", ¶¶ 3-5).  Jawbone requires protection for its patents and the development

17   of products that Jawbone anticipates will practice the technology disclosed in one or more of the

18   patents in this case.  *Id.*, ¶ 5.  A stay would prevent Jawbone from actively participating in this case

19   during the pendency of the IPR petitions.  *See Skillz*, 2022 WL 1189882, at *7.  In addition, Google

20   requests a stay until "the PTAB's resolution of all IPRs that have been, or will be, instituted on the

21   asserted patents." Mot. at 15.  Such a lengthy (and potentially indefinite) extension is extremely

22   prejudicial to Jawbone because Google will be able to continue to sell its infringing products while

23   Jawbone attempts to introduce its own products into the market; thus, Jawbone will face unfair

24   competition from unlicensed products and be forced to reduce its prices to compete.

25         Accordingly, this factor, and all four subfactors, weighs against a stay.

26

27

28

RUSS AUGUST & KABAT

**RUSS AUGUST & KABAT**

1

### C. The Stage of the Case Does Not Favor a Stay

2    The stage of the case does not favor a stay because the parties have exchanged infringement

3  and invalidity contentions, as well as accompanying document productions in the *WDTX Case*, and

4  conducted substantial discovery, including numerous interrogatory and discovery requests.

5  Jawbone had also served Google with a notice of deposition.  Further, fact discovery was set to close

6  on February 22, 2023, a mere 21 days after the case was transferred to this Court.

7    Further, the WDTX Court issued a claim construction order.  While Jawbone filed a motion

8  for reconsideration of the court's erroneous indefiniteness findings, it is undisputed that the parties

9  have already litigated claim construction issues.  *See WDTX Case*, Dkt. 96 (W.D. Tex. Nov. 1,

10  2022).

11    Google also appears to rely on its own delay in providing relevant discovery as a basis for a

12  stay.  However, Jawbone and Google served three sets of interrogatories and discovery requests,

13  which have been pending since as early as August 8, 2022.  Defendant served deficient responses

14  and provided only some initial document productions.  Further, there are numerous deficiencies in

15  its source code production which remain unanswered and unaddressed in the *WDTX Case*, despite

16  Jawbone's numerous requests.   Specifically, Jawbone was prepared to move forward with

17  presenting a discovery dispute to the WDTX Court for Google's failure to provide relevant,

18  necessary source code for Google's smart speaker products.  Defendant should not be permitted to

19  rely on its own failure to comply with its discovery obligations in the WDTX Court for a stay here.

20    In addition, Google alleges for the first time that Jawbone's infringement theories are "so

21  underdeveloped and scattershot that 'the full scope of the suit' has yet to emerge."  However, Google

22  did not raise any such issues, despite there being less than twenty days of fact discovery remaining

23  in the *WDTX Case* prior to transfer.  Google should not be permitted to manufacture new issues in

24  an attempt to persuade this Court to stay the case.

25    Jawbone recognizes that the Court has recently entered a stay in *Jawbone Innovations LLC*

26  *v. Amazon.com, Inc.*, Case No. 3:22-cv-06727-TLT (N.D. Cal.). *See Jawbone Innovations LLC v.*

27  *Amazon.com, Inc.*, Case No. 3:22-cv-06727-TLT, Dkt. 105 (N.D. Cal. Mar. 22, 203).  However,

28

8

that case was at a significantly earlier stage, with only extremely limited discovery having occurred. Moreover, in that case, the parties had submitted no claim construction briefing, and significantly more time remained in discovery.  This case is far more advanced, and accordingly, the stage of this case does not favor a stay.

Accordingly, the balance of the factors weighs against a stay and Defendant has failed to meet its burden for showing a stay is appropriate here.

## V.   CONCLUSION

For the foregoing reasons, Jawbone respectfully requests that Defendant's Motion to Stay be denied in its entirety.

DATED:  March 27, 2023                            Respectfully submitted,

**RUSS AUGUST & KABAT**

By:  */s/ Benjamin T. Wang*
     Benjamin T. Wang

**FABRICANT LLP**
Alfred R. Fabricant
ffabricant@fabricantllp.com
Peter Lambrianakos
plambrianakos@fabricantllp.com
Vincent J. Rubino, III
vrubino@fabricantllp.com
411 Theodore Fremd Avenue, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Benjamin T. Wang (CA SBN 228712)
bwang@raklaw.com
Minna Y. Chan (CA SBN 305941)
mchan@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Plaintiff*
*Jawbone Innovations, LLC*

RUSS AUGUST & KABAT

9

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the Northern District of California using the CM/ECF System on March 27, 2023.

I certify that all counsel of record who are deemed to have consented to electronic service are being served on March 27, 2023 with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

DATED:  March 27, 2023

_/s/ Benjamin T. Wang_
Benjamin T. Wang