KEKER, VAN NEST & PETERS LLP
DAVID SILBERT - # 173128
dsilbert@keker.com
REID P. MULLEN - # 270671
rmullen@keker.com
ERIN E. MEYER - # 274244
emeyer@keker.com
DAVID J. ROSEN - # 296139
drosen@keker.com
RYLEE KERCHER OLM - # 318550
rolm@keker.com
LUIS G. HOYOS - # 313019
lhoyos@keker.com
KAIYI A. XIE - # 311182
kxie@keker.com
JACQUELINE CONCILLA - # 335733
jconcilla@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendant GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAWBONE INNOVATIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 3:23-cv-00466-TLT<br><br>**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY CASE PENDING INTER PARTES REVIEW**<br><br>Date:　　May 2, 2023<br>Time:　　2:00 p.m.<br>Judge:　　Hon. Trina L. Thompson<br><br>Date Filed: September 23, 2021<br><br>Trial Date: None |

DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

2111955

**TABLE OF CONTENTS**

**Page**

I. ARGUMENT ..................................................................................................................2

    A. The early stage of this case weighs in favor of a stay. ......................................2

    B. A stay will substantially simplify the litigation. ...............................................3

    C. A stay will not unduly prejudice Jawbone. .......................................................4

II. CONCLUSION ...............................................................................................................5

i

DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

2111955

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*,
  No. 15-cv-01362-BLF, 2015 WL 12859346 (N.D. Cal. Oct. 13, 2015)...................................3

*Evolutionary Intel. LLC v. Yelp Inc.*,
  No. 13-cv-03587-DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) .................................5

*In re Google LLC*,
  58 F.4th 1379 (Fed. Cir. 2023) ................................................................................................5

*Jawbone Innovations, LLC v. Amazon.com, Inc.*,
  No. 3:22-cv-06727-TLT, ECF No. 105 (N.D. Cal. Mar. 22, 2023)................................ Passim

*PersonalWeb Techs., LLC v. Apple Inc.*,
  69 F. Supp. 3d 1022 (N.D. Cal. 2014) ....................................................................................2

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
  No. 13-cv-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) .......................................2

*Regents of Univ. of Minn. v. LSI Corp.*,
  No. 18-cv-00821-EJD, 2018 WL 2183274 (N.D. Cal. May 11, 2018) ....................................3

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
  No. 14-cv-1575-EMC, 2014 WL 3107447 (N.D. Cal. July 3, 2014) .......................................4

*Ruckus Wireless, Inc. v. Netgear, Inc.*,
  No. 09-cv-5271, 2010 WL 1222151 (N.D. Cal. Mar. 25, 2010) ..........................................1, 2

*SAGE Electrochromics, Inc. v. View, Inc.*,
  No. 12-cv-06441-JST, 2015 WL 66415 (N.D. Cal. Jan 5, 2015) .............................................3

*Security5, LLC v. Revolar, Inc.*,
  No. 16-cv-1645, 2017 WL 2424067 (S.D. Cal. June 2, 2017) .................................................2

*Skillz Platform Inc. v. Aviagames Inc.*,
  No. 21-cv-02436, 2022 WL 1189882 (N.D. Cal. Jan. 13, 2014) .............................................3

*TPK Touch Sols, Inc. v. Wintek Electro-Optics Corp.*,
  No. 13-cv-00218-JST, 2013 WL 6021324 (N.D. Cal. Nov. 13, 2013)......................................3

*Twilio, Inc. v. TeleSign Corp.*,
  No. 16-cv-06925-LHK, 2018 WL 1609630 (N.D. Cal. Apr. 3, 2018) .....................................3

*Uniloc U.S.A., Inc. v. Apple Inc.*,
  No. 18-cv-00361, 2018 WL 2387855 (N.D. Cal. May 25, 2018).............................................2

*Zomm, LLC v. Apple Inc.*,
  391 F. Supp. 3d 946 (N.D. Cal. 2019) ....................................................................................4

ii

DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

2111955

Jawbone's opposition to Google's motion to stay this case pending *inter partes* review focuses primarily on the fact that the Patent Trial and Appeal Board ("PTAB") declined to institute review as to ***one*** of the nine asserted patents in this case. But in a related case, this Court has already held that because "a majority of the asserted patents—eight out of nine—and the majority of the [] patent claims—161 out of 219—are under review by the PTAB," a stay will allow the Court "to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources." *Jawbone Innovations, LLC v. Amazon.com, Inc.*, No. 3:22-cv-06727-TLT, ECF No. 105, at 5–6 (N.D. Cal. Mar. 22, 2023) (the "*Amazon* Stay Order"). There, faced with functionally identical facts as in this case against Google, the Court stayed the related *Amazon* action, concluding that "the three factors all favor a stay." *Amazon* Stay Order at 7.

**First**, like in the *Amazon* Case, what little discovery has taken place in this case was not "in compliance with this District's Local Patent Rules." *Id.* at 5. "Even though a claim construction order has been issued[,] . . . Jawbone stated its intention to challenge those constructions." *Id.* **Second**, the case will likely be simplified by all the instituted IPRs—notwithstanding the "minority" of claims for which IPR has not (yet) been instituted—which "strongly favors a stay." *Id.* at 5–6. **Third**, it is undisputed that Jawbone is a nonpracticing entity, and there is no authority for the proposition that its "intention to compete should be given weigh[t]." *Id.* at 7.

Moreover, the fact that this Court has already stayed the related *Amazon* Case provides yet another reason why this case should be stayed. "Because of the time intensive nature of the litigation involved with respect to patent infringement actions . . . a stay of the instant action, in view of the stay already imposed in the related action, is appropriate" and serves the "interests of judicial economy." *Ruckus Wireless, Inc. v. Netgear, Inc.*, No. 09-cv-5271, 2010 WL 1222151, at

1
DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

2111955

*1 (N.D. Cal. Mar. 25, 2010).[1]

Jawbone never explains why the related *Amazon* Case should proceed on a completely different track than this case, as its opposition brief largely repeats all the arguments this Court already rejected in the *Amazon* Stay Order. Indeed, Jawbone does not dispute any of the facts or address any of the case law that Google identified in its Motion. The few cases that Jawbone points to are completely irrelevant because none of them involve *instituted* IPRs.

For these reasons, the Court should stay this case pending IPR.

## I.   ARGUMENT

### A.   The early stage of this case weighs in favor of a stay.

This case is in its early stages. Here, like in the *Amazon* case, discovery in accordance with this district's Local Patent Rules has not been completed, and the exchange of final invalidity contentions, expert discovery, and dispositive motions have yet to take place.[2] Jawbone does not dispute this.[3] The Court has already held that the issuance of a claim-construction order in this matter does not weigh against a stay, especially given that "Jawbone stated its intention to challenge those constructions." *Amazon* Stay Order at 5.[4] The Court should similarly reject

---

[1] *See also Uniloc U.S.A., Inc. v. Apple Inc.*, No. 18-cv-00361, 2018 WL 2387855, at *3 (N.D. Cal. May 25, 2018) ("[S]taying the three related cases will allow the parties and the court to know what issues will be tried to a jury when determining the structure and composition of eventual trials. Allowing the [one] case to proceed while the two related cases are stayed would also be needlessly inefficient."); *Security5, LLC v. Revolar, Inc.*, No. 16-cv-1645, 2017 WL 2424067, at *2 (S.D. Cal. June 2, 2017) ("The Court has already granted a stay . . . in a related case pending a reexamination request of the same patent-in-suit. If the Court declines to stay this case and the PTO grants Plaintiff's request for reexamination, this could result not only in inconsistencies in the Court's rulings (staying one case and not the other), but also inefficient and unnecessary expenditure of the Court's resources and further complicate the proceedings in the two cases.").

[2] *See, e.g.*, Mot. at 5–6.

[3] Jawbone's opposition does, however, misrepresent when fact discovery was set to close in WDTX. On January 7, 2022, Judge Albright issued a scheduling order stating that "[a]ll dates post-Markman hearing will be adjusted depending on the actual date of the Markman hearing" such that fact discovery would close 30 weeks after the Markman hearing. ECF No. 27 at 2 n.3. Accordingly, based on the October 14, 2022 Markman hearing, fact discovery in the WDTX case was set to close on May 12, 2023.

[4] Indeed, courts often stay cases pending IPRs after claim construction. *See, e.g.*, Mot. at 7–9; *PersonalWeb Techs., LLC v. Facebook, Inc.* ("*PersonalWeb I*"), No. 13-cv-01356-EJD, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) (staying case after claim construction and near the close of fact discovery); *PersonalWeb Techs., LLC v. Apple Inc.* ("*PersonalWeb II*"), 69 F. Supp. 3d 1022 (N.D. Cal. 2014) (similar).

2
DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

2111955

Jawbone's completely unsubstantiated contention that "this case ha[s] advanced through fact discovery," Opp. at 1, especially because Jawbone simultaneously complains that Google "served deficient responses and provided only some initial document productions."[5] *Id.* at 8. Jawbone cannot have it both ways. Regardless, the undisputed facts show that no depositions have taken place, expert discovery has not commenced, a trial date has not been set, and there are live discovery disputes regarding written discovery.[6] Therefore, the first factor weighs in favor of a stay.

### B.  A stay will substantially simplify the litigation.

Jawbone's opposition misses the forest for the trees: its arguments focus on the few claims for which IPR has not yet been instituted, while never acknowledging this Court's holding that "the proper inquiry is whether the case will be simplified by all of the pending IPRs," not whether every asserted claim is under PTAB review. *Amazon* Stay Order at 5–6. Once again, "Jawbone ignores Google's IPRs, which have been instituted for eight of the nine asserted patents." *Id.* at 6. Accordingly, "since the majority of asserted patents and patent claims are currently under review, there is a strong likelihood that this case will be simplified if the patent claims under review are cancelled or modified." *Id.* at 5.

Rather than grappling with the reasoning of the *Amazon* Stay Order, Jawbone's opposition instead cites to cases in which the PTAB had not yet instituted IPRs on *any* asserted claims.[7]

---

[5] To be clear, Google does not agree with Jawbone's characterization of Google's responses to fact discovery that has been served to date as deficient.

[6] *See, e.g.*, *Twilio, Inc. v. TeleSign Corp.*, No. 16-cv-06925-LHK, 2018 WL 1609630, at *1 (N.D. Cal. Apr. 3, 2018) (finding that the stage of the case favored a stay because "a stay would conserve the Court's resources by ensuring that the Court [did] not rule on additional discovery disputes . . . on claims that the Patent Office later invalidate[d]"); *Regents of Univ. of Minn. v. LSI Corp.*, No. 18-cv-00821-EJD, 2018 WL 2183274, at *2 (N.D. Cal. May 11, 2018) (finding that the stage of the litigation favored a stay when "the parties [were] actively engaged in at least two discovery disputes which [would] not be resolved for at least another month").

[7] *See Skillz Platform Inc. v. Aviagames Inc.*, No. 21-cv-02436, 2022 WL 1189882, at *2–3 (N.D. Cal. Jan. 13, 2014) (noting that the PTAB was yet to issue an institution decision on defendant's only IPR petition on the "single asserted patent"); *TPK Touch Sols, Inc. v. Wintek Electro-Optics Corp.*, No. 13-cv-00218-JST, 2013 WL 6021324, at *1, 5 (N.D. Cal. Nov. 13, 2013) (explaining that "[t]he PTO has not decided whether to grant *inter partes* review" on either of defendant's "two IPR petitions"); *SAGE Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2015 WL 66415, at *2–4 (N.D. Cal. Jan 5, 2015) (observing that "the PTO ha[d] not yet decided whether to institute IPR proceedings" on any of the asserted claims); *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-cv-01362-BLF, 2015 WL 12859346, at *1 (N.D. Cal. Oct. 13,

3

DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

2111955

These cases are inapposite here, where IPRs have been instituted on the majority of the asserted patents and claims. Thus, as this Court concluded in the *Amazon* Case, "this factor **strongly** favors a stay." *Id.* at 6.

### C. A stay will not unduly prejudice Jawbone.

As Google explained in its opening brief,[8] courts consider four subfactors in determining whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party: "(1) the timing of the IPR petition for review; (2) the timing of stay request; (3) the status of review [proceedings]; and (4) the relationship of the parties." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 957 (N.D. Cal. 2019). In arguing that these four subfactors show that it would be prejudiced by a stay, Jawbone rehashes arguments that this Court already rejected in the *Amazon* Stay Order. The facts have not changed since the Court issued its order in the *Amazon* Case, and all four subfactors still show that Jawbone would not be prejudiced by a stay.

**(1)** As the Court has already held: "Google filed its IPR petitions during March to June 2022 . . . this subfactor does not favor finding prejudice against Jawbone." *Amazon* Stay Order at 6. Similarly, because Amazon filed its IPR petitions within the statutory period for doing so, the timing of Amazon's petitions does not prejudice Jawbone. *Id.* at 7.

**(2)** Jawbone was not prejudiced by the timing of Amazon's stay motion, lodged "approximately two months after the [*Amazon*] action was transferred to this [c]ourt." *Id.* at 7. Here, Google filed its stay motion even sooner, about four weeks after this case was assigned to this Court. And as Google explained in its opening brief,[9] it could not have filed the stay motion any earlier. Regardless, any purported delay in filing is entirely attributable to *Jawbone*'s stratagem of first filing this case in the Western District of Texas,[10] where Jawbone happened to

---

2015) (similar).

[8] Mot. at 12–14.

[9] *See* Mot. at 13.

[10] *See, e.g.*, *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. 14-cv-1575-EMC, 2014 WL 3107447, at *6 (N.D. Cal. July 3, 2014) ("[Plaintiff] notes that [defendant] waited eleven months after filing its petitions for IPRs before moving to stay. However, the Court finds that this eleven month 'delay' did not result in undue prejudice to [plaintiff]. This 'delay' was due in large part to [plaintiff's] decision to file this case in the Eastern District of Texas—a forum with little, if any, connection to the parties or this dispute.").

4
DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY CASE PENDING INTER PARTES REVIEW
Case No. 3:23-cv-00466-TLT

2111955

incorporate and establish an office "just one month before it filed suit against Google" and "ha[d] no meaningful presence." *In re Google LLC*, 58 F.4th 1379, 1384–85 (Fed. Cir. 2023).

**(3)** The Court has already ruled that there is no prejudice to Jawbone stemming from the status of the review proceedings based on either Google's or Amazon's IPRs. *Amazon* Stay Order at 6–7. Nothing has changed.

**(4)** It is undisputed that the parties do not compete. *In re Google*, 58 F.4th at 1384. And this Court has already rejected Jawbone's speculative assertions—based on the *identical* self-serving declaration relied upon in opposition to Amazon's motion to stay—that Jawbone is "working on developing" a product that it "*anticipate[s] will* practice" one or more of the patents. Opp. Ex. B., ECF No. 133-3 (Gabay Decl.) ¶ 5 (emphasis added). This Court explained that it "is unaware of any authority, and Jawbone does not cite any, for the proposition that Jawbone's intention to compete should be given weigh[t]." *Amazon* Stay Order at 7. Jawbone's opposition ignores this Court's decision, again emphasizing Jawbone's plans to practice the patents without citing any authority for the proposition that such plans should be given weight.[11]

## II.    CONCLUSION

For the foregoing reasons, Google respectfully asks this Court to grant its motion to stay the case pending *inter partes* review.

Dated:  April 3, 2023

KEKER, VAN NEST & PETERS LLP

By:  /s/ *Erin E. Meyer*
DAVID SILBERT
REID P. MULLEN
ERIN E. MEYER
DAVID J. ROSEN
RYLEE KERCHER OLM
LUIS G. HOYOS
KAIYI A. XIE
JACQUELINE CONCILLA

Attorneys for Defendant GOOGLE LLC

---

[11] As Google explained in its opening brief, Mot. at 2, a non-practicing entity's declaration purporting to establish plans to practice its patents—without actual "documentation of any research, design, or testing related to product development"—does not demonstrate prejudice. *Evolutionary Intel. LLC v. Yelp Inc.*, No. 13-cv-03587-DMR, 2013 WL 6672451, at *8 (N.D. Cal. Dec. 18, 2013).